UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VINCENT BOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>LEE et al,<br><br>    Defendants. | Case No. 2:25-cv-01424-APG-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

On August 6, 2025, the Court entered an Order granting Plaintiff's application to proceed *in forma pauperis* and screened Plaintiff's original Complaint. ECF No. 4. Plaintiff subsequently filed a First Amended Complaint ("FAC"), ECF No. 8, which the Court screens under the standard stated in ECF No. 4.

**I.   Discussion**

Plaintiff's original Complaint asserted various allegations all of which failed to state claims upon which relief could be granted. Two claims were dismissed without prejudice and with leave to amend. ECF No. 4 at 6. One of those claims was based on an arrest at a Planet Fitness (the "Planet Fitness Arrest").[1] *Id*. The second claim dismissed with leave to amend alleged unclear violations of law by the North Las Vegas Police Department. *Id*. at 3-4. Plaintiff was offered an opportunity to state a claim under *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 690-95 (1978). *Id*. at 4.

Plaintiff's FAC does not allege additional facts in support of his prior asserted claims. Instead, Plaintiff's FAC raises new claims against new defendants. ECF No. 8. Although the FAC remains a jumble of allegations, a liberal interpretation of the allegations seems to assert law

---

[1] Plaintiff alleged that he was shaving in a Planet Fitness locker room when management asked him to come to the front desk because he was making patrons uncomfortable. ECF No. 1-1 at 3. It appears Plaintiff did not comply and management warned Plaintiff they would call the police. *Id*. Plaintiff called Planet Fitness corporate headquarters, but while he was on hold, police arrived and demanded his name fied identification. *Id*. Plaintiff repeatedly refused to provide identification (albeit he provided his name). *Id*. Plaintiff was told if he did not provide identification he would be arrested, and Plaintiff was, thereafter, arrested by North Las Vegas Police. *Id*. at 3-4. Plaintiff says he was injured during the arrest, denied medical care, and held in handcuffs for hours. *Id*. at 4.

1

1  enforcement arrested Plaintiff on multiple occasions for trespassing at various Planet Fitness
2  locations, a Smith's grocery store, and the Craig Ranch Regional Park. *Id*. at 3-6.

3  Regarding the Planet Fitness Arrest, Plaintiff now asserts the club manager, Scott Lee,
4  engaged in discrimination when he called the police. *Id*. at 4. Plaintiff identifies North Las Vegas
5  Police Officers Miller, Beramen, and Ceballos as those arriving at Planet Fitness and asking Plaintiff
6  for identification. *Id*. Plaintiff says that after officers asked him to provide his date of birth, Officer
7  Beramen grabbed Plaintiff's arm and knocked his phone from his hand; Officer Miller tased
8  Plaintiff; and the officers then collectively forced Plaintiff onto his stomach. *Id*. at 5. While on the
9  ground, Plaintiff says Officer Ceballos was on his back. *Id*. Plaintiff concludes the encounter caused
10 internal bleeding, bleeding to his genitalia, and lasting injuries to both shoulders. *Id*.

11  A.  <u>Plaintiff Does Not State a Claim Against Planet Fitness Manager Scott Lee</u>.

12  Plaintiff asserts an unidentified discrimination claim against Defendant Scott Lee. Scott Lee
13 is a private party and to the extent Plaintiff is attempting to sue under 42 U.S.C. § 1983, there is no
14 alleged state action. Calling the police does not transform Mr. Lee from a private actor into a state
15 actor. *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) ("[m]erely complaining to" or
16 summoning the police "does not convert a private party into a state actor"). Further, if Plaintiff is
17 seeking to sue Mr. Lee under Title II of the 1964 Civil Rights Act, his claim fails because this law
18 prohibits discrimination in places of "public accommodation." 42 U.S.C. § 2000a(b). Mr. Lee is
19 not a place of public accommodation. Hence, Plaintiff's claims against Mr. Lee fail as a matter of
20 law and should be dismissed with prejudice.

21  B.  <u>Plaintiff's Claims Against the Individual Police Officers</u>.

22  *1.  Plaintiff's Claims of Discrimination.*

23  Plaintiff raises a vague allegation of discrimination by Officers Beramen, Ceballos, Miller,
24 Benes, and Hann. In sum, Plaintiff fails to allege facts demonstrating how or on what basis the
25 discrimination supposedly occurred. ECF No. 8 at 4-6. In the Court's August 6, 2025 Order, it
26 explained that Plaintiff cannot "simply allege a wrong has been committed and demand relief."
27 *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D.
28 Cal. Dec. 22, 2011); ECF No. 4 at 2. Plaintiff must present factual allegations sufficient to state a

plausible claim for relief. The Court cannot supply essential elements of a claim that was not initially pled—even in the context of a pro se plaintiff. *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988); *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In the absence of any facts that would support a viable claim of discrimination by Officers Beramen, Ceballos, Miller, Benes, and Hann, the Court recommends dismissing this claim with prejudice as a review of Plaintiff's original Complaint and FAC lead the undersigned to conclude Plaintiff cannot state a claim of discrimination. *See* ECF Nos. 1-1, 8.

    2. *Plaintiff's False Arrest Claims Against Officers Miller, Ceballos, and Beramen.*

To state a valid claim for false arrest under the Fourth Amendment of the U.S. Constitution, a plaintiff "must plead facts that would show [defendant] ordered or otherwise procured the arrest[ ] and the arrest[ ] w[as] ... without probable cause." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012). Probable cause exists when an officer has "a reasonable belief ... that a crime has been, is being, or is about to be committed." *Hopkins v. City of Sierra Vista, Ariz.*, 931 F.2d 524, 527 (9th Cir. 1991) (internal quotation marks omitted).

Here, Plaintiff fails to allege sufficient facts to support a reasonable inference the Planet Fitness Arrest lacked probable cause. Indeed, all Plaintiff alleges is while he was on the phone with Planet Fitness's corporate office, the police officers asked him for identification. ECF No. 8 at 4. Shortly thereafter, events took place that are broadly construed as giving rise to an excessive force claim. However, the alleged facts are insufficient to establish Plaintiff was arrested and, if so, the arrest was without sufficient indicia of probable cause.

Although this is Plaintiff's second attempt to plead his claims, this is the first time he attempted to state a false arrest claim. Thus, the Court dismisses Plaintiff's false arrest claim without prejudice and with one additional opportunity to plead his false arrest claim against Officers Miller, Ceballos, and Beramen.

    3. *Plaintiff's Excessive Force Allegations Against Officers Miller, Ceballos, and Beramen.*

The Court broadly and liberally construes Plaintiff's claims of assault as seeking to state an excessive force claim under the Fourth Amendment, which guarantees a citizen's right to be free

from "unreasonable searches and seizures." The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on *when* it is made, but also on *how* it is carried out." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (internal citations omitted) (emphasis in original). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id*. at 397. In determining the reasonableness of a seizure effected by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force—deadly or otherwise—by examining three nonexclusive "*Graham* factors": (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011) (internal citation and quotation marks omitted). The "most important" factor in assessing the reasonableness of a seizure is whether the individual posed an immediate threat to the safety of the officers or others. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted). These factors are not exclusive. *Id*. Instead, courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id*. (internal citation and quotation marks omitted). For example, the "quantum of force" used to arrest a suspect may constitute such a relevant factor. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (internal quotation marks omitted).

Plaintiff says that while he was on the phone with Planet Fitness' corporate office, officers approached him, Officer Beramen grabbed his arms and knocked his phone out of his hands, Plaintiff was then tased by Officer Miller and forced onto his stomach, and while on his stomach, Officer Ceballos was "on his back." ECF No. 8 at 4-5. Together, these alleged facts are sufficient to state a Fourth Amendment violation under *Graham* as the totality of the circumstance described do not demonstrate Plaintiff posed any threat of safety to the officers or others or that Plaintiff resisted arrest. Accordingly, the Court finds Plaintiff's Fourth Amendment, excessive force claim may proceed against Officers Beramen, Miller, and Ceballos.

C.     <u>Plaintiff's Claims Relating to Other Trespassing Arrests Are Dismissed Without Prejudice so that Plaintiff May State Them in a Separate Lawsuit if He so Chooses.</u>

Under Rule 20 of the Federal Rules of Civil Procedure, Plaintiff cannot assert claims based on unrelated events against various other defendants in a single lawsuit. Plaintiff may join claims against different defendants in a single action if (1) the claims arise out of the same transaction or occurrence or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). "'[U]nrelated claims against different defendants belong in separate lawsuits.'" *Jacobs v. CDCR*, Case No. 1:17-cv-01599-DAD-JLTPC, 2019 WL 6827635, at *3 (E.D. Cal. Dec. 13, 2019), *report and recommendation adopted,* Case No. 1:17-cv-01599-DAD-JLTPC, 2020 WL 1951945 (E.D. Cal. Apr. 23, 2020) (quoting *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011)).

In Plaintiff's FAC he raises allegations regarding arrests for trespassing between August 31, 2023 and May 11, 2024 that are not tethered to the allegations pertaining to the Planet Fitness Arrest. ECF No. 8 at 3-5. Instead, in vague terms, Plaintiff contends that at various places he was arrested for trespassing for unknown reasons. *Id.* For example, Plaintiff alleges he was arrested by Officer Benes and an undisclosed partner for trespassing while Plaintiff was parked in the lot of a Smith's grocery store. *Id*. at 3-4. Plaintiff also alleges he was arrested by Officers Vardoulis and Runser—who are not named in this suit—after Plaintiff had a disagreement with park security—while parked at Craig Ranch Regional Park. *Id*. at 5. Neither of these arrests relate to the Planet Fitness Arrest underlying Plaintiff's initial Complaint. Plaintiff's allegations further differ based on the circumstances of the arrest: Plaintiff was arrested while located in his car in the parking lots of different establishments. *See id*. at 3, 5. Although Plaintiff is alleging the same causes of action against Officer Benes as the other Officers, this basis alone is insufficient to join Officer Benes as a defendant. *Jacobs,* 2019 WL 6827635, at *3 (citing *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (allegations "that Defendants violated the same laws in comparable ways" is insufficient to satisfy Rule 20).

Likewise, Plaintiff's claims against Officer Hann fail. Plaintiff says Officer Hann and unidentified partners arrested him for trespassing on two occasions. ECF No. 8 at 3-4. One occasion

was on August 31, 2023, while Plaintiff was parked at Planet Fitness located on Maryland Parkway. *Id*. at 3. The other occasion was three and one-half months later on December 14, 2023 while Plaintiff was parked behind an unidentified Planet Fitness. *Id*. at 4. While these claims allege arrests that involve trespassing at Planet Fitness locations, there is an inadequate basis to conclude the arrests by Officer Hann arise out of the same transaction or occurrence, or series of transactions or occurrences, as the original Planet Fitness Arrest. Finally, the fact that Plaintiff is pursuing the same causes of action against Officer Hann as the other named Officers does not make the allegations similar for the purpose of Rule 20. *Jacobs,* 2019 WL 6827635, at *3 (citing *Visendi*, 733 F.3d at 870.

Because Plaintiff's allegations against Officer Benes and Officer Hann do not arise out of the same transaction or occurrence, or series of transactions or occurrences, as the original Planet Fitness Arrest, the Court dismisses these claims without prejudice, but without leave to amend in this case. Plaintiff may file separate lawsuit(s) against these Defendants should he choose to do so.

### III. Order

IT IS HEREBY ORDERED that Plaintiff's Fourth Amendment Excessive Force claim against Officers Beramen, Ceballos, and Miller may proceed.

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment False Arrest claim against Officers Beramen, Ceballos, and Miller is dismissed without prejudice and with one final opportunity to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint that complaint must be titled "Second Amended Complaint." The second amended complaint must be filed no later than **January 5, 2026** and must contain all claims and all facts in support of the claims Plaintiff seeks to assert. Plaintiff must identify each defendant he seeks to sue and what claims he asserts against that defendant. If Plaintiff files a second amended complaint and fails to include the facts necessary to support a claim raised he will not be granted leave to proceed with those claims.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a second amended complaint, he must **not file claims dismissed with prejudice.**

IT IS FURTHER ORDERED that failure to timely comply with this Order may result in a recommendation to dismiss Plaintiff's case in its entirety.

### IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claims under 42 U.S.C. § 1983 and Title II of the Civil Rights Act of 1964 for discrimination be dismissed with prejudice and that no claim against Planet Fitness or manager Scott Lee be accepted by the Court.

IT IS Further RECOMMENDED that Plaintiff's "discrimination" claim against Officers Beramen, Ceballos, Miller, Benes, and Hann be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claims arising from arrests for trespassing at various locations by various officers between August 31, 2023 and May 11, 2024 be dismissed without prejudice, but without leave to amend in this case.  This recommendation does not preclude Plaintiff from pursuing his claims against Officers Benes, Hann or others in a separate lawsuit.

Dated this 3rd day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).